UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN WELLINGTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | 3:10-cv-00760-HDM-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ROBERT BANNISTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On March 1, 2011, this court issued an Order severing the claims of each plaintiff (docket #8). The court directed the Clerk to open separate actions for each plaintiff. Defendants have filed a motion for reconsideration and/or clarification of the court's screening order (docket #9), and plaintiff Ralph Countryman filed a motion to strike the motion for reconsideration (docket #10). The court now considers defendants' motion for reconsideration.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the motion for reconsideration, defendants have presented facts demonstrating that several plaintiffs in this action have previously used what defendants term "creative joinder" in order to circumvent the mandatory filing fee requirements of the Prison Litigation Reform Act. Good cause appearing, defendants' motion is granted. Plaintiff Ralph Countryman's motion to strike the motion for reconsideration (docket #10) is denied.

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration and/or clarification of the court's screening order (docket #9) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Countryman's motion to strike motion for reconsideration (docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** a copy of this Order in: *Countryman v. Bannister*, 3:11-CV-00148-HDM-VPC; *Wetzel v. Bannister, et al.*, 3:11-CV-00149-RCJ-VPC; *McIntyre v. Bannister*, 3:11-CV-00150-LRH-RAM; and *Brown v. Bannister, et al.*, 3:11-CV-151-RCJ-VPC.

DATED this 28th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE